UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LYNNE COLLONGUES ET AL                          CIVIL ACTION

VERSUS                                           NO: 09-3202

STATE FARM MUTUAL AUTOMOBILE                     SECTION: J(3)
INSURANCE COMPANY ET AL

**ORDER**

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm" or "Defendant") **Motion in Limine and for Sanctions (Rec. Doc. 22)** and supporting memoranda, as well as Plaintiffs' **Response Memorandum in Opposition (Rec. Doc. 31).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Lynn Collongues, one of the plaintiffs in this matter, alleges she suffered injuries to her neck, head, and back during an automobile accident on July 20, 2008 when her automobile was allegedly struck by an automobile driven by Doris Perry. Collongues filed this suit on March 10, 2009 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. On April 1, 2009, this case was removed to the Eastern District of Louisiana and assigned to this Court.

On June 4, 2009, Defendants served Plaintiffs with interrogatories and requests for production of documents. Plaintiffs answered these requests with initial and supplemental responses during July of 2009. On September 28, 2009, while discovery was still ongoing, Plaintiffs' counsel, Matthew Fransen, was advised that there was a possibility that Collongues would have neck surgery. On October 8, Fransen was advised that the date of the surgery would be October 12. Despite this knowledge, Fransen did not contact Defendant's counsel until the morning of October 12. During the October 12th conversation, Fransen stated it was possible that Collongues may undergo surgery for the alleged injuries to her neck. Defendant's counsel then e-mailed Fransen a request for Collongues to undergo an independent medical examination ("IME") prior to the surgery. However, shortly after Fransen received this request, he learned that Collongues had undergone surgery that morning. Via facsimile, he informed Defendant's counsel of the surgery and explained that he would make Collongues available for an IME but the request for an IME prior to the surgery could not be fulfilled.

Defendant's attorney believes that Fransen deliberately concealed Collongues' neck surgery in order to prevent Collongues from undergoing an IME. In fact, on October 13, 2009, Defendant's attorney sent Fransen an e-mail in which he alleged that Fransen "blatantly lied" when he indicated that there was a

possibility for surgery because Fransen knew that surgery was indeed going to take place. Defendant's attorney has therefore filed the current motion, asking this Court to exclude any documents, testimony, and references related to the neck surgery from evidence.

## THE PARTIES' ARGUMENTS

Defendant seeks to exclude evidence of Collongues' surgery on the grounds that under the spoilation of evidence doctrine, Fransen's failure to inform Defendant's counsel of the surgery resulted in the destruction of evidence. Plaintiff, on the other hand, argues that after discovery started, and prior to the surgery, Defendant had ample time to request an IME. Plaintiff argues that Defendant's decision to wait until surgery was pending to request an IME negates any prejudice Defendant may have suffered due to Collongues' decision to undergo surgery prior to an IME.

## DISCUSSION

The spoilation of evidence doctrine provides courts with the authority to impose sanctions on responsible parties when there is intentional destruction of relevant evidence. Menges v. Cliffs Drilling Co., No. 99-2159, 2000 WL 765082 (E.D. La. June 12, 2000) (citing Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995); Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir. 1994)). The seriousness of the sanctions that a court may impose depends on the consideration of:

> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

Menges, 2000 WL 765082 (citing Schmid, 13 F.3d at 78).

Under the spoilation of evidence doctrine, a court may exclude spoiled evidence or allow the jury to infer that the party spoiled the evidence because the evidence was unfavorable to the responsible party's case. Menges, 2000 WL 765082 at *2. While the former action (excluding the spoiled evidence) is allowed, it is considered drastic and courts generally avoid such action because doing so "often unnecessarily eviscerate[s] the plaintiff's case, especially when a lesser sanction would sufficiently even the playing field." Menges, 2000 WL 765082 at *2 (citing Schmid, 13 F.3d at 79). As a result, when the spoilation doctrine applies, the preferred action is to allow the jury to form an adverse inference against the responsible party. Menges, 2000 WL 765082 at *2 (citing Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998); Vodusek, 71 F.3d at 156; Schmid, 13 F.3d at 78; Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993); Nation-Wide Check Corp. v. Forest Hills Distribs., 692 F.2d 214, 217-18 (1st Cir. 1982); In re Hopson Marine Transp., Inc., 168 F.R.D. 560, 567 (E.D. La. 1996)).

Nevertheless, before a court can exclude the evidence or apply the adverse inference rule, a determination has to be made

as to whether the spoilation doctrine applies. For the doctrine to apply, the party having control over the evidence must have had a duty to preserve the evidence at the time it was destroyed. Menges, 2000 WL 765082 at *2. The court must then consider whether the destruction of the evidence was intentional. Id.

The duty to preserve the evidence arises when the party has notice that the evidence is relevant to litigation. Id. In this case, Plaintiff filed suit and was engaged in discovery proceedings with Defendant regarding Plaintiff's medical condition prior to the surgery. Therefore, there is no doubt that Plaintiff was on notice that the evidence was relevant to this litigation; accordingly, there was a duty to preserve the evidence.

Having decided that there was an obligation to preserve the evidence, this Court must consider whether the evidence was intentionally destroyed. Id. (stating "[o]nce a court concludes that a party was obliged to preserve the evidence, it must then consider whether the evidence was intentionally destroyed and the likely contents of that evidence"). Although Defendant claims that Fransen's actions were intentional, the evidence presented by the Defendant does not support this claim. Discovery in this matter started on June 4, 2009 and the surgery in question was performed on October 12, 2009. Defendant had ample time to request an IME, but failed to do so. Defendant also had access to all of Collongues' medical records from which they could have

examined and determined whether Plaintiff was planning to have surgery. Defendant's failure to investigate plaintiff's condition and to require an IME prior to the surgery negates the notion that plaintiff intentionally destroyed evidence by undergoing surgery. See <u>Menges</u>, 2000 WL 765082 at *3. Accordingly,

Defendant State Farm Mutual Automobile Insurance Company's **Motion in Limine and for Sanctions (Rec. Doc. 22) is DENIED.**

New Orleans, Louisiana, this __6th__ day of __January__, 2010.

_____
United States District Judge